UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

JUL 0 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAUL RIOS-DURAN, Petitioner, | § § § | |
| v. | § | Case No. B-99-CR-384-1 |
| UNITED STATES OF AMERICA, Respondent. | § § | Civil # B-01-120 |

MEMORANDUM IN SUPPORT OF 28 U.S.C. §2255 TO VACATE,
SET ASIDE OR CORRECT SENTENCE BY A FEDERAL PRISONER

COMES NOW Petitioner, Mr. Raul Rios-Duran, pro se, with the above and in support states:

JURISDICTION

A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorize by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

ISSUES PRESENTED FOR REVIEW

I. MR. RIOS-DURAN'S SENTENCE VIOLATES HIS DUE PROCESS/ CONSTITUTIONAL RIGHTS FOR APPRENDI CASTS SERIOUS DOUBTS ON THE CONTINUING VALIDITY OF PRIOR OFFENSES BEING CONSIDERED SENTENCING FACTORS.

II. THE COURT ERRED IN ENHANCING HIS SENTENCE 16 LEVELS, FROM THE BASE OF 8, FOR PRIOR OFFENSES, THAT WAS NOT ALLEGED IN THE INDICTMENT & EXCEEDING THE TWO-YEAR STATUTORY MAXIMUM UNDER 8 USC §1326, FOR THE ADDED CRIMINAL HISTORY POINTS TO V HAD ALREADY ENHANCE HIS SENTENCE FOR PRIOR CONDUCT. THUS MAKING THIS AN ILLEGAL CALCULATED SENTENCE.

1.

## DIRECT APPEAL

On June 26, 2000, petitioner's appointed counsel filed a direct appeal and <u>Anders</u> brief pursuant to 386 U.S. 738(1967) raising the following issues:

<u>ISSUE ONE RESTATED</u>: There are no nonfrivolous issues to appeal regarding Mr. Rios Duran's rearraigment:

<u>ISSUE TWO RESTATED</u>: There are no nonfrivolous issues to appeal regarding Mr. Rios-Duran's sentence.

On October 19, 2000, the United States Court of Appeals for the Fifth Circuit <u>GRANTED</u> the appointed counsel's excuse from further responsibility based on the <u>Anders</u> brief and DISMISSED the petitioner's appeal for the petitioner did not file a response to the <u>Anders</u> brief.

## AUTHORITIES AND POINTS FOR REVIEW

On June 26, 2000, the same day petitioner's filed the <u>Anders</u> brief a new Constitutional rule of law came into effect (U.S. Supreme Court) <u>Apprendi v. New Jersey</u> 120 SCt 2348 (June 26, 2000) where the Supreme Court held; that an enhancement of sentence under the New Jersey's "hate crime" statute was unconstitutional because the jury had not found the operative "sentencing fact" beyond a reasonable doubt, and the same court examined its reasoning in <u>Almendarez-Torres</u>, 523 US 224 (1998) was incorrectly decided, beacause the indictment did not alleged a prior conviction.

Also, The retroactivity approach in the Supreme Court adopted <u>Teague v. Lane</u>, 489 US 288 (1989) generally barred habeas petitioners from seeking the established new rule of Constitutional law from relying on rules of constitutional magnitude that were announced after their convictions became final. The rule however, did admit two exceptions, including one for 'watershed' rules of consituttional procedure that implicate the fundamental fairness of the criminal proceedings and are

2.

related to the accuracy of the conviction. In per curiam opinion <u>West v. Vaugh</u>, 204 F3d 53, 66 CRl 613 (3rd Cir 2000), "to hold that a new rule on constitutional law may may be applied retroactively in absence of an express ruling on retroactivity by the Supreme Court." Furthermore in <u>Flowers v. Walter</u>, 9th Cir., No. 99-35552 (2/09/01), "invoking one of <u>Teague's</u> two exceptions to its general rule, the court said that the retroactivity decisions by the Supreme Court can be manifested in three ways:

    1) by the explicitly stating that a new rule of constitutionality is retroactive;

    2) by applying the new rule retroactively in a collateral proceeding, or;

    3) by in effect making a new rule retroactive where the new rule implicates the fundamental fairness of a criminal proceeding and is related to the accuracy of the underlying conviction.

the court also explained that, pursuant the third way, the lower courts determined whether a rule has been made retroactive by applying the standard set forth in <u>Teague</u>."

    Title 21 USC 852 and <u>U.S. V. Morgan</u>, 346 US 502, state; prior convictions which enhance a sentence may be challenged at anytime. Also pursuant to FRCvP rule 35 <u>Correction or Reduction of Sentence</u> a correction of an illegal sentence is permitted at any time, see also <u>Wilson v. U.S.</u>, CA Pkl.1962, 310 F2d 879 (& 18 USC §3582).

3.

## STATEMENT OF THE CASE

On September 30, 1999, petitioner herein was charged in a one count indictment with illegal reentry, in violation of 8 USC §1326. October 28, 1999, petitioner pleaded guilty before the Honorable Filemon B. Vela, U.S. District Judge for the Southern District of Texas, Brownsville Division.

On January 15, 2000, the court sentenced petitioner to serve 70 months in custody of the Bureau of Prisons, followed by a three year term of supervised release.

Petitioner filed his timely notice of appeal (CA# No. 00-40164).

On June 26, 2000, counsel for petitioner filed an Anders brief (see page 2 herein first two paragraphs). At the same time in the U.S. Supreme Court, the case Apprendi v. New Jersey, 120 Sct 2348 (June 26, 2000) was favorably decided to the petitioner, making a new rule of constitutional law that, notwithstanding priors, the enhancement factor has to be proven beyond a reasonable doubt and submitted to the jury, and the same U.S. Supreme court stated that it is arguable that Almendarez-Torres v. U.S., was incorrectly decided, because the indictment did not alleged prior convictions.

For this reason petitioner Raul Rios-Duran files this instant 28 USC §2255 motion to vacate, set aside or correct his federal sentence, due to this intervening change of constitutional law.

Oct. 19, 2000, the U.S. Court of Appeals for the Fifth Circuit, GRANTED petitioner's counsel to withdraw pursuant to an Anders issue, and DISMISSED petitioner's 70 month sentence.

PETITIONER HEREIN CITES AND DISCUSSES THE APPRENDI AND ALMENDAREZ-TORRES CASES FOR FUTURE SUPREME COURT REVIEW AND RETROACTIVITY.

## STATEMENT OF THE FACTS

On September 2, 1993, a Texas district court in Houston sentenced petitioner (a native of Mexico) to five (5) years in prison for aggravated assault.

On August 20, 1998, petitioner was deported from the United States. Then on September 3, 1999, the INS encountered petitioner as he walked across the International Bridge from Mexico to Brownsville, Texas, and did not have the Attorney General's permission to return to the United States.

Petitioner herein, Mr. Rios-Duran, had approached the INS office to inquire on how to go about and sell the piece of property his deceased wife had left.

5.

I.  MR. RIOS-DURAN'S SENTENCE VIOALTES HIS DUE PROCESS/ CONSTITUTIONAL RIGHTS FOR <u>APPRENDI</u> CASTS SERIOUS DOUBTS ON THE CONTINUING VALIDITY OF PRIOR OFFENSES BEING CONSIDERED SENTENCING FACTORS

The legalidity of the district court's imposition of a criminal sentence is reviewable <u>de novo</u>, see <u>U.S. v. A.F. Juvenile</u>, 103 Fed 14, 15, (5th Cir 1996) <u>cert denied</u>, 522 US 824 (1997).

STANDARD REVIEW AND ARGUMENT

A. <u>The indictment failed to alleged a prior felony conviction, which is an element of illegal reentry</u>.

An indictment must contain the elements of an offense charged and fairly inform a defendant of the charge against him, see <u>Hamlin v. U.S.</u>, 418, US 87, 117 91974). In <u>Almendarez-Torres v. U.S.</u>, 523 US 224 (1998), the Supreme Court held, in a five-to-four decision, that an indictment as in illegal reentry case, need not allege a defendant's prior "aggravated felony" conviction in order for a district court to sentence the defendant to an 'enhanced' sentence under 8 USC §1326(b)(2) based on the defendant's prior conviction, see <u>Almendarez-Torres</u>, 523 US at 247. The majority held that section §1326(b)(2) merely created a 'sentencing factor' that need not be pleaded in the indictment in order to result in an enhanced sentence based on the defendant's prior 'aggravated felony' conviction. However the dissenters contended that section 8 USC §1326(b)(2) was not merely a 'sentencing factor' but, instead, was a separate offense. As a result, the dissenters contended, the fact of a defendant's prior conviction had to be pleaded in the indictment in order for a district court impose an "enhance" sentence above the two-year maximum sentence provided for in 8 USC §1326(a)

The court examined its reasoning in <u>Almendarez-Torres</u>, and stated that, "it is arguable that <u>Almendarez-Torrez</u> was incorrectly decided. The court further noted that [in] addition to the reasons set forth in

6.

Justice Scalia's dissent it is noteworthy that that the Court's extensive discussion of the term 'sentencing factor'; virtually ignored the pedigree of the pleading requirement at issue. Justice Thomas, who had been in the five-Justice majority, concurred and stated that he had erred in joining the majority in <u>Almendarez-Torres</u>.

In light of the opinion of the five members of the Supreme Court that decided <u>(Id)</u> this, it was badly reasoned and incorrectly decided

If the court were to do so, this petitioner moves the court for remand and resentence his wrongly applied 70 month sentence under 8 USC §1326(a) for the indictment did not alleged his prior conviction, it exceeded the statutory maximum of 24 months for section §1326(a). See <u>Hill v. U.S.</u>, 368 US 424, 430 & n.8 (1962), "a court may correct an illegal sentence-- that is, one imposed in excess of the applicable statutory maximum-- at any time,"

Also, the new <u>"Watershed"</u> rule announced in <u>Apprendi</u> is a substantive change in past procedure and practice and the U.S. Supreme Court has "recognize full retroactivity as necessary adjunct to a ruling that a trial court lacked the authority to convict or punish a criminal in the first place." Invoking one of <u>Teague's</u> two exceptions to its general rule, the court said, that the retroactivity decisions by the Supreme Court can be manifested in three ways:

> 1) explicitly stating that a new rule of <u>constitutionality</u> is retroactive;
> 2) by applying the new rule retroactively in a collateral proceeding, or;
> 3) by in effect making a new rule retroactive where the new rule implicates the fundamental fairness of a criminal proceeding and is related to the accuracy of the underlying conviction.

Pursuant the third way, the lower courts apply the standard in <u>Teague</u>, see <u>Flowers v. Walter</u>, 9th Cir No. 99-35552, (2/09/01).

7.

II. THE COURT ERRED IN ENHANCING HIS SENTENCE 16 LEVELS, FROM THE BASE OFFENSE LEVEL OF 8, FOR PRIOR OFFENSES, THAT WERE NOT ALLEGED IN THE INDICTMENT & EXCEEDING THE TWO-YEAR STATUTORY MAXIMUM UNDER SECTION 8 USC §1326, FOR THE ADDED CRIMINAL HISTORY POINTS OF V HAD ALREADY ENHANCED HIS SENTENCE FOR PRIOR CONDUCT. THUS MAKING THIS AN ILLEGAL CALCULATED SENTENCE.

Pursuant to the Presetence Report (PSR) petitioner's calculated base offense level was of eight.(1998 USSG book was used).

Supposedly an increase of 16 levels required because petitioner was deported afer a conviction for an aggravated felony, and finally the PSR recommended a three (3) level reduction for acceptance of responsibility making the total levels 8+16= 24 total, 24-3 = 21 offense level.

Additionally the PSR recomended a criminal history category of V, based upon a total of 10 criminal history points (FOR THE SAME PRIORS THAT ENHANCED 16 POINTS)!

Petitioner's <u>CORRECT</u> base offense level should be 8 minus the 3 points for acceptance of responsibilty equals to 5 points plus the 10 criminal history points (for priors) falls on category V :

### SENTENCING TABLE

| | Criminal History Category (Criminal History Points) USSG 1998 | | | | | |
|---|---|---|---|---|---|---|
| Offense | I | II | III | IV | V | VI |
| Level 1 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 |
| 2 | 0-6 | 0-6 | 0-6 | 0-6 | 0-6 | 1-7 |
| 3 | 0-6 | 0-6 | 0-6 | 0-6 | 2-8 | 3-9 |
| 4 | 0-6 | 0-6 | 0-6 | 2-8 | 4-10 | 6-12 |
| 5 | 0-6 | 0-6 | 1-7 | 4-10 | 6-12 | 9-15 |
| 6 | 0-6 | 2-8 | 2-8 | 6-12 | 9-15 | 12-18 |
| 7 | 0-6 | 4-10 | 4-10 | 8-14 | 12-18 | 15-21 |
| 8 | 0-6 | 4-10 | 6-12 | 10-16 | 15-21 | 18-24 |

Petitioner's sentence pursuant to the USSG (1998) at level 5 with criminal history (10 points) category at V prescribes a sentence of 9 to 15 months.

The court erred in enhancing the 16 levels for the prior offense that are not alleged in the indictment or at sentencing and these priors were already enhanced in the criminal history category points calculation.

The prior offenses or convictions are elements of illegal reentry that must be alleged in the indictment, and are separate offense, not sentencing factors.

WHEREFORE Petitioner Mr. Raul Rios-Duran moves this court to remand and correct his sentence to the correct calculation prescribed in the USSG 1998 manual which correctly prescribes 9 to 15 months, or what this court deems necessary. The Apprendi (Almedarez-Torres) issue is preserved for Supreme Court review and retroactivity.

Respectfully,

Mr. Raul Rios-Duran,
Petitioner Pro-se.

9.

## CERTIFICATE OF SERVICE

On this 23rd day of June 2001, I placed true and correct copies of the enclosed 28 USC §2255 MOTION in the Institutional "LEGAL MAIL BOX" with prepaid first class U.S. Postage and addressed to the court/office named below:

ADDRESSEE:

Office of the Clerk
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
P.O. Box 61010
Houston, Texas 77208


Assistant U.S. Attorney
Ms. Paula Offenhauser
P.O. Box 61129
Houston, Texas 77208-1129

Respectfully,

*[signature]*
Mr. Raul Rios-Duran.

10.