United States District Court
Southern District of Texas
FILED

SEP 1 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIOS DURAN, | § | |
| Plaintiff-Petitioner, | § | |
| | § | CIVIL NO. B-01-120 |
| v. | § | CR. NO. B-99-384-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant-Respondent. | § | |

## UNITED STATES' ANSWER
## TO MOTION TO VACATE UNDER §2255 AND BRIEF

The United States of America, by the United States Attorney for the Southern

District of Texas, files this Answer to Motion to Vacate Pursuant to Section 2255

and Brief.

## JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. § 2255.

## DENIAL

The United States denies each and every allegation of fact made by Petitioner

("Rios Duran"), except those supported by the record and those specifically

admitted herein, and demands strict proof thereof.

## ALLEGATIONS

Rios makes the following allegations in support of his motion to vacate sentence:

1.     His sentence is illegal because the indictment is insufficient to authorize imposition of a sentence pursuant to 8 U.S.C. §1326(b)(2).

2.     This court misapplied the guidelines by considering his prior convictions for the enhancement pursuant to USSG § 2L1.2(b)(1)(A) and in calculating his criminal history score.

### IV.
### ANSWER AND BRIEF

### Statement of the Case

Rios Duran was charged in the United States District Court for the Southern District of Texas, Brownsville Division, Criminal No. B-99-384, with unlawfully attempting to enter the United States after having previously been deported and removed and without having obtained the consent of the Attorney General in violation of 18 U.S.C. §§ 1326(a) and (b)(2) (Doc.[1]1).  He entered a plea of guilty to the charge in exchange for the government's recommendation that he receive acceptance of responsibility and receive a sentence at the low end of the guideline range (Docs. 10, 11).  This court sentenced Rios Duran to 70 months confinement and

---

[1] "Doc." refers to the document filed in the district court in the criminal case and is followed by the document number.

2

a three-year term of supervised release imposed a $100.00 special assessment (Doc.19). Rios Duran appealed his conviction (Doc.23). The Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous (Doc.23). The mandate issued on November 10, 2000 (Doc. 23). Rios Duran timely filed his motion to vacate within one year on July 2, 2001 (Doc.25).

Statement of Facts[2]

Rios Duran is a citizen of Mexico (PSR at p.2). On May 3, 1993, he was placed on deferred adjudication and probation for two offenses: possession of more than 28 grams of cocaine and more than five pounds, but less than 50 pounds, of marihuana. His probation was revoked and his was convicted of aggravated assault on September 2, 1993; and, sentenced to five years confinement. He was released from confinement on June 13, 1998.[3]

On or about September 3, 1999, Rios Duran was questioned by Immigration inspectors about his citizenship as he was crossing the International Bridge in Brownsville, Texas. Rios Duran falsely stated he was a United States citizen. A records check revealed that he had previously been deported and had no legal right

---

[2]Unless otherwise indicated, all references in the Statement of Facts are to the facts set forth at paragraphs 3,17-25 of the presentence report ("PSR"), which was adopted by this court (Doc.21,p.5).

[3] In his motion, Rios Duran states he was deported on August 20, 1998 (Doc.25, p. 5).

3

ClibPDF - www.fastio.com

to be in the United States.

## No *Apprendi* Violation

Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), Rios Duran contends that the "aggravated felony" provision of 8 U.S.C. § 1326(b)(2) is an essential element of the offense, rather than a sentencing enhancement factor, and that it must pled in the indictment. In *Apprendi*, the Supreme Court announced the limited rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 505 U.S. at ___, 120 S.Ct. at 2362-2363. In *United States v. Doggett*, 230 F.3d 160, 164 (5th Cir. 2000), the Court of Appeals for the Fifth Circuit held, for purposes of 21 U.S.C. § 841, since that statute calls for a factual determination regarding the quantity of the controlled substance which significantly increases the maximum penalty, if the United States seeks enhanced penalties under § 841(b), "the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt."

"Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310, 109

4

S.Ct. 1060, 1075 (1989).   *Apprendi* was decided on June 26, 2000; while Rios

Duran's appeal was pending in the Court of Appeals.   Therefore, assuming

*arguendo,* that the rule announced in *Apprendi* has any application in this case,

*Teague* does not apply.

Because Rios Duran did not raise the *Apprendi* claim on direct appeal,

however, he must show both cause and prejudice. *United States v. Frady*, 456 U.S.

152, 167-68, 102 S.Ct. 1584, 1594 (1982).  A showing of cause requires a showing

of some external impediment that prevented the petitioner from raising the claim.

*See McCleskey v. Zant*, 499  U.S. 467, 497, 111 S.Ct. 1454, 1472 (1991).  Even

though the law may have been settled against him on an issue, "the futility of raising

an objection ... cannot alone constitute cause for a failure to object at trial." *Engle*

*v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573 (1982).  To show prejudice, the

defendant must show "not merely that the errors at his trial created a *possibility* of

prejudice, but that they worked to his *actual* and substantial disadvantage." *Frady*,

456 U.S. at 170, 102 S.Ct. at 1596 (emphasis in original).

Rios Duran does not allege cause for his procedural default or prejudice.

Assuming *arguendo,* that, construed liberally, Rios Duran is claiming counsel's

performance was deficient in failing to raise the *Apprendi* issue on direct appeal,

ineffective assistance of counsel can meet the cause requirement. *United States v.*

5

*Kallestad*, 236 F.3d 225, 227 (5ᵗʰ Cir. 2000). But, to establish ineffective assistance of counsel, Rios Duran must show "(1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275, 279 (5ᵗʰ Cir. 1997). "If, and only if, [the court] ...`adjudge|s] counsel's performance to have been deficient, then [it] ... must determine whether there exists a reasonable probability that but for the complained -of error the outcome of the trial or appeal would have been different." *Id*. (citation omitted).

In evaluating counsel's performance, this court's scrutiny is highly deferential and every effort must be made to "'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id*. The Court of Appeals for the Fifth Circuit has observed there is no general duty on the part of counsel to anticipate changes in the law. *Green v. Johnson*, 116 F.3d 1115, 1125 (5ᵗʰ Cir. 1997). Even though *Apprendi* was decided while Rio Duran's direct appeal was pending, the issue of the sufficiency of the indictment under 8 U.S.C. §§ 1326(a) and (b) was, and is, controlled by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S.Ct. 1219 (1998). The Court of Appeals for the Fifth Circuit has refused to revisit *Almendarez-Torres* in light of *Apprendi*. *United States v. Landeros-Gonzales*, ____ F.3d ___, 2001 WL 921456 (5ᵗʰ Cir. Aug. 14, 2001); *United States v. Chapa-Garza*,

6

ClibPDF - www.fastio.com

243 F.3d 921, 928 (5th Cir. 2001); *United States v. Nava-Perez*, 242 F.3d 277, 279

(5th Cir. 2001); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert.*

*denied,* ___ U.S. ___, 121 S.Ct. 1214 (2001). Counsel's performance was therefore

not deficient.

In addition, Rio Duran cannot demonstrate prejudice. As the Court explained,

to demonstrate prejudice, a defendant on collateral review must show more than

what would be required to demonstrate plain error. *Frady*, 456 U.S. at 166, 102

S.Ct. 1593. The indictment in this instance specifically directed him to 8 U.S.C. §

1326(b)(2). Unlike in *United States v. Cabrera-Teran*, 168 F.3d 141 (5th Cir. 1999),

wherein this court found a statutory citation to § 1326(a) insufficient to put a

defendant on notice as to the "arrest" element – which was one of several elements

illuminated in that version of the statute, § 1326(b)(2) is a *narrowly* drawn sentencing

provision. It contains *only* the enhancement element:

> **(b)    Criminal penalties for reentry of certain removed aliens.**
> Notwithstanding subsection (a) of this section, in the case of any alien
> described in such subsection –
>
> > (2) whose removal was subsequent to a conviction for
> > commission of an aggravated felony, such alien shall be
> > fined under such Title, imprisoned not more than 20 years
> > or both.

By citing to § 1326(b)(2), Rios Duran was directed to this particular and *singular*

element, and this was sufficient to give him actual notice that the United States was charging a sentence enhancement. *See United States v. Varkonyi,* 645 F.2d 453 (5th Cir.1981) (indictment sufficient notwithstanding failure to allege all elements of offense charged where the statutory reference directed the defendant to specific statute setting out the list of particular federal officers protected by the statute).

In addition, at the time of his guilty plea, Rios Duran was informed by this court that he was facing a sentence of up to 20 years, the maximum statutory sentence authorized by 1326(b)(2) (Doc.22,p.14). Further, prior to sentencing, Rios Duran was given notice in the presentence report of his prior felony convictions for possession of cocaine, possession of marihuana and aggravated assault, as well as of the applicability of USSG 2L1.2(b)(1)(A), which requires an increased sentence if the deportation was after conviction of an aggravated felony (PSR ¶'s 9,22-23,25). With regard to the requirement that his prior conviction be proved beyond a reasonable doubt to a jury, Rios Duran waived his right to a jury in this case. In addition, he did not contest at sentencing any fact relating to his prior convictions (Doc.15;Doc.22,p.23). Under these circumstances, no prejudice is demonstrated.

Assuming *arguendo*, that Rios Duran were able to establish cause and prejudice, his *Apprendi* claim is meritless because the Supreme Court's decision in *Almendares-Torres* is controlling on this issue. *See Landeros-Gonzales,* ____ F.3d at

8

____; *Chapa-Garza*, 243 F.3d at 928; *Nava-Perez*, 242 F.3d at 279; *Dabeit*, 231 F.3d at 984. Rios Duran has failed to establish a violation of *Apprendi* due to the lack of a reference to his prior convictions in the indictment.

## Misapplication of the Guidelines

Rios Duran also appears to contend that the sentencing guidelines were misapplied when his prior convictions were considered for purposes of both application of USSG 2L1.2(b)(1)(A) and in calculating his criminal history score. It is settled in this circuit that claims of misapplication of the guidelines are not cognizable under 28 U.S.C. § 2255. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (technical application of the guidelines do not give rise to a constitutional issue; and, a misapplication will not result fundamental defect resulting in a complete miscarriage of justice); *United States v. Williams*, 183 F.3d 458, 462 (5th Cir. 1999) (same).

ClibPDF - www.fastio.com

<u>Conclusion</u>

Based on the foregoing, Rios Duran's motion under §2255 should be summarily denied.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney


KATHLYN G. SNYDER
Assistant United States Attorney
State Bar No. 07839300
910 Travis Street, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129


MARK DOWD
Assistant United States Attorney
State Bar No. 06070500
Federal Bar No. 9314
600 E. Harrison #201
Brownsville, Texas 78520
956/548-2554
956/548-2711 (FAX)

10

ClibPDF - www.fastio.com

# CERTIFICATE OF SERVICE

I, Kathlyn G. Snyder, Assistant United States Attorney, do hereby certify that

a copy of the above Answer to Motion to Vacate under § 2255 and Brief has been

mailed on September 17, 2001 to:

Raul Rios Duran
Reg. No. 86833-079
FCI Beaumont
P.O. Box 26040 - Unit NA
Beaumont, Texas 77720-6040

KATHLYN G. SNYDER
Assistant United States Attorney

11

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RAUL RIOS DURAN,                         §
    Plaintiff-Petitioner,                §
                                          §          CIVIL NO. B-01-120
v.                                       §          CR. NO. B-99-384-1
                                          §
UNITED STATES OF AMERICA,                §
    Defendant-Respondent.                §

ORDER

Pending before this court is Petitioner's Motion to Vacate pursuant to 28

U.S.C. § 2255  After having considered the  motion, as well as the response of the

United States, this court concludes that is should be denied for the reasons set forth

in the United States' answer.

    Signed this _____ day of _____, 2001.


_____  _____

JOHN WM. BLACK
UNITED STATES MAGISTRATE JUDGE