United States District Court
Southern District of Texas
FILED

DEC 3 1 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIOS-DURAN | § | |
|    Movant | § | Civil No. B-01-120 |
| | § | Crim. No. B-99-384 |
| VERSUS | § | |
| | § | MOTION TO VACATE, SET ASIDE, |
| UNITED STATES OF AMERICA | § | OR CORRECT SENTENCE. |
|    Respondent | § | |

RIOS' TRAVERSE TO THE GOVERNMENT'S SUPPLEMENTAL ANSWER

To The Honorable Judge of said Court:

Comes now Raul Rios-Duran, (Rios), movant acting pro se in the above entitled proceeding and respectfully submits this response to the United States' Supplemental Answer To Issues Raised In The Amended Motions To Vacate Under § 2255 And Brief.

JURISDICTION

This court maintains subject matter jurisdiction pursuant to 28 USC § 2255.

PLAINTIFF'S POSITION

Rios recognizes the government's standard, systemattical approach of denying all allegations made by habeas petitioners, that is, except for those supported by the record. Rios asserts, however, that his claims are in large part supported by the record. Should more "proof" be required by the government's demands of "strict proof thereof," Rios feels confident that this court will take appropriate measures in providing for a remedy of any disputed facts.

Before proceeding, Rios requests that the court accord him liberal construction of the pleadings, **SANDERS V US, 373 US 1, 22 (1963); HAINES V KERNER, 404 US 519 (1972)**, and that the court recongnize his claims whether they are stated directly or implied. **BOUNDS V SMITH, 430 US 817 (1977).**

1

In regards the ALLEGATIONS paragraph of the government's supplemental answer, (page 2), Rios notes that item number one (1) refers to the initial claim in his first Motion To Amend. Rios adds however, that he has previously indicated that not only is his sentence illegal, but that he was wrongfully convicted where the deportation was invalid and could not be used as an element of the offense. See **US V MENDOZA-LOPEZ, 481 US 828 (1987)**.

Rios is in agreement with the government's STATEMENT OF THE CASE and STATEMENT OF THE FACTS, however strenuously objects to the government's statement that "He has no marketable skills," (page 4, paragraph 2).

In regards the government's RESPONSE TO RIOS DURAN'S AMENDED MOTION UNDER 28 USC § 2255, (page 5 of government's supplemental answer), Rios agrees with part "A" Allegedly Fundamentally Unfair Deportation Hearing. However, Rios is vehemently opposed to part "B" Rios Duran's Claim is not Cognizable under § 2255. In its preliminary attempt at attacking Rios' claim(s), the government, in its apparent effort at "sweeping it under the rug," is claiming that Rios' claim(s) is barred by **TEAGUE V LANE, 489 US 288 (1989)**. It seems the government has grabbed its most convenient tool for denying relief to habeas petitioners claiming new grounds for relief. Unfortunately for the government, **INS V ST. CYR, ___ US ___, 121 S.CT. 2271 (2001), (ST. CYR)**, did not announce a new rule of law. The government is grasping for a defense in **TEAGUE** that it obviously recognizes as weak, i.e., "...an argument can be made that it is a new constitutional rule of criminal procedure." (page 6 of the government's supplemental answer). It is very clear that **ST. CYR** involved statutory interpretation. The text of the case spells it out by referring to various immigration statute(s) and explaining what they mean. There was no new rule of law, but there was a reinterpretation, where the Immigration and Naturalization Service, et al., had been interpreting the immigration statute(s) differently before **ST. CYR**. It has been established, and Rios reminds

2

the government (as it appears to have forgotten) that a judicial construction of a statute authoritatively declares its meaning both before and after that construction was rendered, **(RIVERS V ROADWAY EXPRESS, INC., 511 US 298 (1994))**, and a substantive reinterpretation of a criminal statute must be given full retroactive effect on collateral review where it implicates the power of the court to enter a particular conviction or impose a particular punishment. **(DAVIS V US, 417 US 333, 341-42, 346 (1974); US V JOHNSON, 457 US 537, 550 (1982))**.

Regarding part "C" OTHER PROCEDURAL HURDLES, (page 7 of the government's supplemental answer), Rios is opposed. The government, once again, is reaching. The government appears to not have noticed that Rios' claim is a jurisdictional one. The underlying deportation of the instant offense is invalid. Therefore, the deportation cannot be used as an element for any subsequent criminal proceeding. A conviction for the offense of Illegal Reentry After Deportation, 8 USC § 1326, cannot be entered without the critical element of "having been previously deported." The writing on the wall, though the government refuses to acknowledge, is that this court did not have jurisdiction to enter a conviction for the underlying offense. This claim for relief only now being recognizable with the insight provided by **ST. CYR**. There are no "T-Barrs" nor are there any hurdles to jump here, just relief to be considered. A claim that the sentencing court lacked jurisdiction to take a particular judicial action cannot be forfeited. **METCALF V WATERTOWN, 128 US 586 (1988)**. And, jurisdictional defects cannot be procedurally defaulted where federal courts are courts of limited jurisdiction, deriving power solely from Article III of the Constitution and from legislative acts of Congress. The courts, therefore, cannot derive power to act from the actions of the parties before them. **INSURANCE CORP. OF IR., LTD. V COMPAGNIE des BAUXITES de GUINEE, 456 US 694, 702 (1982)**. The parties are incapable of conferring upon the courts a jurisdictional foundation they otherwise lack simply by waiver or procedural

default. **US V GRIFFIN, 303 US 226 (1938).**

In regards part "D(a)" <u>No exhaustion of administrative remedies</u>, (page 9 of the government's supplemental answer), Rios is in opposition. The Fifth Circuit recently declared in **GOONSUWAN V ASHCROFT, 252 F3D 383 (5TH CIR. 2001)**, that an alien is not required to exhaust administrative remedies where a Motion To Reopen cannot be considered "as of right" and is discretionary with the Immigration and Naturalization Service. Besides, Rios has filed a Motion To Reopen with the INS, but was denied as the government points out.

In regards part "D(b)" <u>No absence of meaningful review</u>, (page 10), Rios is opposed. There was no meaningful review. Rios never waived his right to appeal the INS decision. However, he was deported despite the fact that the INS knew Rios sought review. Rios strenuously objects to the government's proposition that the record of the deportation proceeding reflects that he was not deprived of the right to have the disposition in his deportation hearing reviewed in a judicial forum. (page 10). The government indicates Rios "preserved his appeal, but apparently later abandoned it", and offers a copy of Rios' denial of his Motion To Reopen as proof. Rios demands strict proof that he <u>waived</u> the appeal after having preserved it.

Rios' prior aggravated felony convictions were indeed the product of guilty pleas, as reflected by the Presentence Investigation Report which has been adopted into the record. No other proof is necessary. (In opposition to paragraph 2, page 14 of government's supplemental answer).

In regards the remaining portions (paragraphs) of the government's supplemental answer that have not been herein mentioned, Rios opposes each and every one and denies any claims made by the government in same.

For the foregoing reasons, the facts and allegations in Rios' supplemental Motion(s) To Amend should be investigated and considered more thoroughly and after having done so, relief should thereafter be granted.


Respectfully submitted,

*Raul Rios Duran*   DEC-26-2001

Raul Rios-Duran

No. 86833-079

Federal Correctional Institution (Medium)

P.O. Box 26040

Beaumont, Texas 77720-6040

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing attached writings to the respondent Kathlyn G. Snyder, at P.O. Box 61129, Houston, Texas, 777208, by placing same in a properly addressed, postage prepaid envelope and delivering to prison authorities for forwarding via outgoing Legal Mailbox,

On this 26 day of ___December___, 2001.

Respectfully submitted,

*Raul Rios Duran*   DEC-26-2001

Raul Rios-Duran

No. 86833-079

Federal Correctional Institution (Medium)

P.O. Box 26040

Beaumont, Texas 77720-6040

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **RAUL RIOS-DURAN** | § | |
| Movant | § | Civil No. B-01-120 |
| | § | Crim. No. B-99-384 |
| **VERSUS** | § | |
| | § | MOTION TO VACATE, SET ASIDE, |
| **UNITED STATES OF AMERICA** | § | OR CORRECT SENTENCE. |
| Respondent | § | |

## ORDER

BEFORE THE COURT, is Raul Rios-Duran's Traverse To The Government's Supplemental Answer. After reviewing the facts and the pertinent case law surrounding the valid claims of the case, the court finds that petitioner's claims are indeed worthy. This court finds that they should be **GRANTED** for the reasons stated in the petitioner's pleadings.

JOHN WM. BLACK

US MAGISTRATE JUDGE