*15*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## -BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

MAR 0 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

RAUL RIOS-DURAN,        §
     Plaintiff-Petitioner,    §
                       §
VS.                       §
                       §     CIVIL ACTION NO. B-01-120
UNITED STATES OF AMERICA,   §
     Defendant-Respondent.    §
                       §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Raul Rios-Duran ("Rios") has filed a petition pursuant to 28 U.S.C. § 2255 (Docket No. 1) seeking to vacate his sentence for violation of 8 U.S.C. §§ 1326(a), (b)(2). Rios has twice been granted leave to amend. (Docket Nos. 7, 11). The government has filed an answer and a supplemental answer (Docket Nos. 5, 13), which this Court interprets as motions for summary judgment. For the reasons set forth below, it is recommended that Rios's motion be denied.

### BACKGROUND

In 1993, Rios, a permanent resident alien, pleaded guilty to drug possession and aggravated assault charges. At the time of his guilty pleas, he was subject to deportation as a result of these crimes but was eligible for a discretionary waiver of the deportation under section 212(c) of the Immigration and Nationality Act of 1952. Removal proceedings against Rios commenced in 1995. The following year section 212(c) was repealed following the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). Consequently, under the prevailing interpretation of the law, Rios was ineligible to seek a discretionary waiver of deportation, and he was deported to Mexico in

1

August 1998. On September 3, 1999, he attempted to enter this country by claiming to be a United States citizen, and he was subsequently convicted in violation of 8 U.S.C. § 1326. Following his guilty plea, the district court sentenced Rios to 70 months confinement on January 15, 2000. On appeal, Rios's attorney filed an *Anders* brief, and the Fifth Circuit dismissed the case. Rios now seeks to vacate his sentence pursuant to 28 U.S.C. § 2255.

## SCOPE OF RELIEF AVAILABLE UNDER SECTION 2255

Following a conviction and exhaustion or waiver of the right to direct appeal, this Court must presume that a defendant stands fairly and finally convicted. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). Consequently, to obtain collateral relief, a prisoner must clear a significantly higher hurdle than that which exists on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982). Errors of law that may justify reversal on direct appeal will not necessarily support a collateral attack under section 2255. *See Frady*, 456 U.S. at 165. Review of convictions under section 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *See id.* A defendant must show cause for the failure to raise the error and actual prejudice resulting from the asserted error. *See id.* at 167-68.

A prisoner may also obtain relief under section 2255 if he establishes that he is actually innocent of the offense for which he has been convicted. *See United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992); *Shaid*, 937 F.2d at 232. This narrow exception to the "cause and prejudice" test is limited to extraordinary circumstances involving "manifest miscarriage[s] of justice" that would result in the continued incarceration of one actually innocent of the offense." *Shaid*, 937 F.2d

2

at 232; *Bousley v. United States*, 523 U.S. 614, 623 (1998).  "'Actual innocence'" means 'factual innocence, and not mere legal insufficiency.'" *Bousley*, 523 U.S. at 623.  To establish actual innocence, the petitioner must demonstrate that, "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)).

## RIOS'S SECTION 2255 MOTION

In his original motion and the amendments, Rios raises four grounds upon which he alleges he is entitled to section 2255 relief.  First, Rios argues that in light of the Supreme Court's holding in *Apprendi v. United States*, 530 U.S. 466 (2001), his indictment was insufficient to justify the imposition of a sentence for violation of 8 U.S.C. § 1326(b)(2).  Rios also contends that the trial court misapplied the sentencing guidelines in calculating his criminal history score and in considering his prior conviction pursuant to USSG § 2L1.2(b)(1)(A).  Rios's third claim is that two recent Supreme Court cases, *INS v. St. Cyr*, 533 U.S. 289 (2001) and *Calcano-Martinez v. INS*, 533 U.S. 348 (2001), impact his case.  Finally, Rios alleges that he received ineffective assistance of counsel because his attorney failed to move for a downward departure of the sentencing guidelines on the ground of cultural assimilation.

## RIOS'S *APPRENDI* CLAIM

Rios argues that the Supreme Court's decision in *Apprendi* overruled *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and as a result, evidence of his prior convictions should have been charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt.  In *Almendarez-Torres*, the Supreme Court held that evidence of prior convictions is a factor relevant only to sentencing and need not be charged in the indictment and proved beyond a reasonable doubt. 523 U.S. at 247-48.  While it is true that the Supreme Court in *Apprendi* stated that "it is arguable

3

that *Almendarez-Torres* was incorrectly decided," the Court did not contest the validity of *Almendarez-Torres*; rather, the Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490 [Emphasis added]. Rios's claim is without merit.  Under the current law, prior convictions are a mere sentencing factor and need not be charged in the indictment and proved beyond a reasonable doubt.

## RIOS'S MISAPPLICATION OF THE SENTENCING GUIDELINES CLAIM

Rios claims that the district judge misapplied the sentencing guidelines in calculating his criminal history score and by considering his prior convictions for purposes of the application of USSG 2L1.2(b)(1)(A).  This contention raises no constitutional issue and is not a cognizable claim under section 2255.  *See United States v. Williams*, 183 F.3d 458, 462 (5th Cir. 1999).

## RIOS'S *ST. CYR* CLAIM

Rios seeks retroactive application of the Supreme Court's recent holding in *St. Cyr* to set aside his initial deportation of 1998.  In *St. Cyr*, the Supreme Court held that a waiver of deportation under section 212(c) was still available for aliens who had pleaded guilty to deportable offenses prior to the repeal of that section in 1996.  121 S.Ct. at 2293.  Rios alleges that his deportation hearing was unfair because he was not properly informed of his right to seek discretionary relief from deportation under section 212(c).

Rios faces several hurdles.  First, the rule in *St. Cyr* cannot be applied retroactively because it does not fall within the narrow exceptions set out in *Teague v. Lane*, 489 U.S. 288 (1989).  Under *Teague*, a new constitutional rule of criminal procedure will not be applied retroactively to cases unless (1) the rule places "certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe," or (2) the rule requires the observance of procedures

4

"implicit in the concept of ordered liberty." *Teague*, 489 U.S. at 307. The availability of discretionary relief under section 212(c) for removable aliens is not a new rule that places private conduct beyond Congress's power to proscribe. The second exception applies only to "watershed rules" of criminal procedure. *Id.* at 311. Neither exception applies in this case.

Rios argues that the rule in *St. Cyr* is not *Teague*-barred because it is a substantive rule that requires retroactive application. (Docket No. 14). This Court disagrees. In *Bousley v. United States*, 523 U.S. 614 (1998), the Supreme Court discussed the distinction between procedural and substantive rules. The distinction is predicated upon the notion that new interpretation of substantive rules "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" *Id.* at 620 (citations omitted). This is not the case here. In *St. Cyr*, the Supreme Court did not decide the substantive meaning of the immigration statutes such that certain aliens, who were deportable under the old statutory interpretation, were no longer deportable as a result of the new interpretation of the statute. Aliens who committed certain offenses were still deportable as a result of committing those offenses, and waiver of deportation under section 212(c) was at the Attorney General's discretion. Given that relief was discretionary, this Court is hard-pressed to conclude that Rios would have been entitled to discretionary relief in light of his criminal history.

Even if the rule in *St. Cyr* is not *Teague*-barred, Rios would nonetheless not be able to avail himself of collateral relief. Rios appears to suggest that his guilty pleas in his state case were involuntary and unintelligent because he was not informed of the discretionary relief available under section 212(c). Relying on *St. Cyr*, Rios maintains, "[g]iven the dramatic impact removal would have on a legal resident's life, it is likely that a legal resident would, because of the possibility of receiving a lighter sentence, only decide to concede guilt to a crime that renders him or her

5

removable in order to apply for relief from removal." (Docket No. 7). Assuming, *arguendo*, that Rios can show cause for failure to raise this error on direct appeal, to attack the deportation order collaterally, Rios must show that he exhausted any administrative remedies that may have been available to seek relief against the order. *See* 8 U.S.C. § 1326(d)(1). He must then satisfy each element of a three-prong test. Rios must establish that (1) the prior hearing was "fundamentally unfair;" (2) the hearing effectively eliminated his right to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused him actual prejudice. *See United States v. Lopez-Vasquez*, 227 F.3d 476, 483 (5th Cir. 2000) (on rehearing)). If Rios fails to satisfy any of these elements, this Court need not consider the other elements. *Id.* at 485. A review of the INS records (Exhibits A-C, Docket No. 13) shows that Rios had a full and fair hearing in which he was represented by counsel, and although he preserved his appeal, he apparently later abandoned it.

Rios filed a motion to reopen in 1998 after the Supreme Court issued its decision in *St. Cyr*; however, he does not allege that he sought review of any ruling by the immigration court that the provisions of section 212(c) were not applicable to him. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 388 (5th Cir. 2001) (maintaining that the relevant question is "whether [the alien] presented to the [Board of Immigration Appeals] the issue . . . raised in his habeas petition, thus exhausting his administrative remedies *as to that issue*"). Nonetheless, the Fifth Circuit recognizes an exception "when administrative remedies are inadequate," and "resort to the agency would be futile because the challenge is one that the agency has no power to resolve in the applicant's favor." *Id.* at 389. In this case, it would have been futile for Rios to argue that he was deprived of section 212(c) discretionary relief because the law was not in his favor at the time he moved to reopen. Consequently, Rios's case falls within the exception to the exhaustion of administrative remedies requirement. *See United States v. Hernandez-Rodriguez*, 170 F.Supp.2d 700, 703 (N.D. Tex. 2001).

6

Rios must next establish that the deportation hearing was fundamentally unfair. "[F]undamental fairness is solely an issue of procedural due process." *Id.* (relying on *United States v. Lopez-Vasquez*, 227 F.3d 476, 484 (5th Cir. 2000). Errors that rise to the level of fundamental unfairness are procedural in nature in that they "may functionally deprive the alien of judicial review, requiring that the result of the hearing in which they took place not be used to support a criminal conviction." *Id.* (quoting *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 n. 17). "[D]ue process requires only that an alien be provided notice of the charges against him, a hearing before an executive or administrative tribunal, and a fair opportunity to be heard." *Id.* (quoting *United States v. Benitez-Villafuerte*, 186 F.3d 651, 657 (5th Cir. 1999)).

In *Hernandez-Rodriguez*, a case remarkably similar to Rios's case, Judge Fitzwater held that the retroactive application of the 1996 INA amendments did not rise to the level of a due process violation in a case, like Rios's, where the alien had been given a full opportunity to be heard by the immigration judge. 170 F.Supp.2d at 704. Judge Fitzwater averred that Hernandez, the petitioner in that case,

> received notice of the intent to remove him to Mexico and a hearing before an immigration judge. He was able to present all relevant arguments at the hearing, including his contention that the 1996 amendments were improper in their retroactive application. Hernandez was not, as he alleges, denied a hearing on §§ 212(c) and (h) waivers. Rather, he was allowed to argue that he was eligible for such waiver, and Judge Rogers ultimately ruled that, under the 1996 INA amendments, he was not[.] Hernandez's sole allegation of fundamental unfairness is based on the fact that at a *later* date the Supreme Court agreed with this argument when advanced by another alien in another case. This establishes, however, only that Hernandez's arguments was substantively correct; it does not prove that, in considering and deciding it, Judge Rogers committed any *procedural* errors rising to the level of due process violations and thus fundamental unfairness. The court declines to hold that, because Judge Rogers applied law that ultimately was deemed incorrect, the deportation proceeding was fundamentally unfair.

*Id.* Similarly, Rios makes no allegation that he did not receive notice of the intent to remove him

from this country or that he had no opportunity for a hearing. He also does not allege that he was prevented from arguing to the immigration court that the 1996 INA amendments were improper in their retroactive application. Further, even if a substantive inquiry is made into Rios's claims, the new principle announced in *St. Cyr* would not apply to his case because it was no longer open on direct review at the time the Supreme Court decided *St. Cyr*. *See id.* at 704 n. 2 ("When [the Supreme] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review[.]") Because this Court concludes that Rios's deportation hearing was not fundamentally unfair, it need not inquire into the remaining *Lopez-Vasquez* elements.

## RIOS'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Rios's final claim is that he received ineffective assistance of counsel because his attorney did not move for a downward departure from the sentencing guidelines range on the ground of cultural assimilation. To establish ineffective assistance of counsel, Rios must allege and prove that (1) his counsel's performance was deficient, and (2) he was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it is objectively unreasonable. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Moreover, in order to show prejudice, Rios must demonstrate that "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. When assessing whether an attorney's performance was deficient, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).

Rios has not shown neither cause for failing to raise this claim on appeal nor prejudice

8

resulting from this error. Consequently, Rios is procedurally barred from arguing at this juncture that his counsel was ineffective because he failed to move for a downward departure on the ground of cultural assimilation. Moreover, Rios's ineffective assistance claim fails even on the merits. First of all, the record does not support his contention that the district court mistakenly believed that it lacked authority to depart from the guidelines on the grounds of cultural assimilation. *See United States v. Rodriguez-Montelongo*, 263 F.3d 429, 431 (5th Cir. 2001) (holding that a district court's refusal to depart downward is reviewable on appeal if the court mistakenly believed that it lacked authority to depart). Rios has further failed to identify facts, other than his desire to sell property he owned in Houston, that would support a finding that such a departure was available to him or that would support a finding that there was a reasonable probability that, but for counsel's failure to move for downward departure on this ground, the court would have granted the motion. Finally, without any allegations of cultural or familial ties that would support a finding of cultural assimilation, Rios's desire to sell his property in Houston standing alone is insufficient to compel a departure from the guidelines. *See United States v. Lipman*, 133 F.3d 726, 730 (9th Cir. 1998) (holding that sentencing court has authority to depart in extraordinary circumstances where the extent of cultural assimilation denotes family and community ties).

IT IS therefore **RECOMMENDED** that Raul Rios-Duran's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED**. IT IS further **RECOMMENDED** that this case be **DISMISSED** in its entirety.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 1st day of March, 2002.

John Wm. Black
United States Magistrate Judge