United States District Court
Southern District of Texas
FILED

MAR 13 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL RIOS-DURAN | § § | |
| v | § | CIVIL NO. B-01-120 |
| UNITED STATES OF AMERICA | § § | |

---

RIOS' OBJECTION(S) TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

To The Honorable Judge of Said Court:

Comes now Raul Rios-Duran, ("Rios"), movant acting pro se in the abovementioned cause of action and would respectfully object to the Magistrate Judge's Report And Recommendation. This he would say in support thereof:

****

Rios from the beginning has called for this court's especial notice that he not be held to the exacting standards required of professional counsel, but that he be accorded liberal construction of the pleadings. HAINES V KERNER, 404 US 519 (1972). The claims that Rios has implied, by addressing facts and case law that give rise to such claims, should have also been recognized by this court. see US V PENA, 122 F3D 3, 4 (5TH CIR. 1997); citing NERREN V LIVINGSTON POLICE DEPT., 84 F3D 469, 473 (5TH CIR. 1996); WATTS V GRAVES, 720 F2D 1416 (5TH CIR. 1983).

1

CONCURRENCE

Rios is in accord with the Magistrate's assertion that Rios was indeed eligible for a discretionary waiver of deportation under section 212(c) of the Immigration and Nationality Act of 1952 when the proceedings were commenced in 1995. see Magistrate Judge's Report and Recommendation, ("Recommendation"), at Pg. 1. Rios agrees that the passage of the AEDPA and the IIRIRA, the following year, repealed section 212(c). Rios also concurrs with the Recommendation at Pg. 6 in that this case falls into the exception to the exhaustion of administrative remedies requirement.

OBJECTIONS

Except as otherwise indicated herein, Rios objects to Judge Black's Recommendation in all particulars. Rios motion should <u>not</u> be denied. It must be given full and fair consideration. The specifics of Rios' allegations require full investigation by this court so that justice may prevail.

As Judge Black states, removal proceedings against Rios commenced in 1995. The passage of the AEDPA and the IIRIRA repealed section 212(c) availability for relief the following year for persons such as Rios. However, even though the Immigration and Naturalization Service interpreted the repeal to include Rios and others in his position in barring them from application for relief under section 212(c), <u>that</u> interpretation and the consequences derived therefrom were unconstitutional. As the Supreme Court has declared, persons such as this, who pled

2

guilty to such crimes subjecting them to deportation before the passage of the AEDPA and IIRIRA are eligible for relief under the former section 212(c) of the INA. see INS V ST CYR, 533 US 289 (2001). Magistrate Judge Black seems to be of the opinion that interpretations of law by the Immigration and Naturalization Service prevail over Supreme Court decisions as he states, "Consequently, under the prevailing interpretation of the law, Rios was ineligible to seek a discretionary waiver of deportation,...", Recommendation at Pg. 1. This statement sounding extremely contradictory to what Judge Black stated previously in the same paragraph, "... he was subject to deportation as a result of these crimes but was eligible for a discretionary waiver of the deportation under section 212(c) of the Immigration and Nationality Act of 1952." Rios is relieved that the Supreme Court has stepped in to clear up the "yes-he-is/no-he-isn't" dilemma by deciding INS V ST CYR, 533 US 289 (2001).

RIOS' APPRENDI CLAIM OBJECTIONS

Judge Black states that the Supreme Court did not contest the validity of ALMENDAREZ-TORRES, 523 US 224 (1998). While this may be so, they certainly didn't confirm or support their decision in ALMENDAREZ-TORRES either. As Judge Black is well aware, the APPRENDI decision cast into doubt the continuing viability of ALMENDAREZ-TORRES. The implied claim(s) in Rios initial brief in regards the APPRENDI issue are that 1) Rios attorney was ineffective for failing to object to the

3

non-inclusion of evidence of Rios' prior convictions in the indictment; 2) Rios' attorney was ineffective for failing to contest the constitutionality of subsection (b)(2) of 8 USC §1326, as this subsection is the most controversial aspect of any criminal proceeding under 8 USC §1326; and 3) that this court erred in applying this particular subsection (b)(2) where it imposes greater punishment than that for what he has pled guilty to, and that this court should have considered the Rule of Lenity in considering which punishment to impose upon Rios. If studied correctly, Rios' claims indeed have merit. Focusing on the Rule of Lenity contention, Rios believes that since subsection (b)(2) is controversial in the eyes of many, i.e., the application of this subsection as a sentencing provision in Illegal Reentry cases is disputed repeatedly, this "questionable" circumstance of whether or not to subject Rios to the enhanced punishment for priors should have been decided in his (Rios) favor. That is, given the existence of the Rule of Lenity. The Rule of lenity requires that doubts be resolved in favor of the defendant when there is ambiguity in the criminal statute. see US V BASS, 404 US 336 (1971); HUDDLESTON V US, 415 US 831 (1974). 8 USC 1326(b)(2) is certainly called into question by APPRENDI. Not only that, but the Sentencing Commission has only recently adopted an amended version of the guideline 2L1.2, abrogating the much disputed blanket 16-level increase that worked hand-in-hand with (b)(2) to the detriment of the defendant. "[t]he standard for vagueness in a criminal statute is if it defines an offense in such a way that ordinary people cannot understand what is

4

prohibited <u>or</u> if it encourages arbitrary or discriminatory enforcement." see US V AVANT, 907 F2D 623, 625 (6TH CIR. 1990); US V KRUMREI, 258 F3D 535, 537 (6TH CIR. 2001). It has been established by APPRENDI that enhancement for prior convictions under subsection (b)(2) is questionable, if not outright unlawful. Subsection (b)(2) can be made to apply to any number of instances where the definition of an "aggravated felony" has been stretched to its outermost limits. It can certainly be seen as overbroad and vague as to exactly when it should or should not be made to apply. Furthermore, the Sentencing Commission has evidently recognized the need for correction in this sentencing scheme involving subsection (b)(2) where it amended the applicable guideline range that corresponds with said subsection. The (b)(2) subsection was overly broad to start off with, and now has been in effect overhauled by the Sentencing Commission's new categorized approach in determining offense levels for Illegal Reentry defendants. This in itself encourages arbitrary or discriminatory enforcement of 8 USC §1326(b)(2). For how can one be punished a certain way, receiving enhanced punishment under (b)(2), then later after an "amendment", those being punished for the same violation receive more reasonable punishment? If subsection (b)(2) is to remain in effect as constitutional, it must be applied to defendants in a way that it does not violate the defendants' Due Process rights. The only way to accomplish this sort of application of §1326(b)(2), one that does not abrogate the Due Process entitlements of defendants, is to adhere to the Rule of lenity. Subsection (b)(2) of 8 USC 1326 should

<u>not</u> <u>have</u> <u>been</u> <u>applied</u> in the instant cause of action. It is overly broad, it is too "generalized," it is vague, it is "questionable" according to APPRENDI, and it is unconstitutional.

Considered alternately, 8 USC §1326(b)(2) should not be a sentencing factor but should be a separate charging instrument, requiring the evidence of priors in the indictment as elements of the offense.

## RIOS' MISAPPLICATION OF THE GUIDELINES CLAIM OBJECTION

The Recommendation indicates that Rios' claim that the district judge misapplied the sentencing guidelines in calculating his criminal history score and by considering his prior convictions for purposes of the application of USSG 2L1.2(b)(1)(A), raises no constitutional issue and is not cognizable under section 2255. This is so, in this circuit. However, since Rios is entitled to liberal construction of the pleadings, the <u>implied</u> claim is that his attorney was ineffective for not objecting to this particular misapplication of the guidelines. Ineffective assistance of counsel is certainly a constitutional issue and is cognizable under section 2255. Had Rios' counselor vigorously defended his claim(s) that the sentencing procedure was wrong, that he should not be enhanced to such an aggravated term of imprisonment, it is foreseeable that Rios' case might still have been under direct review or at the least, Rios would not be procedurally defaulted but for counsel's errors.

6

RIOS' ST. CYR CLAIM OBJECTIONS

In deciding INS V ST CYR, 533 US 289 (2001), the Supreme Court effectively reinterpreted the immigration statute(s) regarding eligibility for relief under the former section 212(c) of the Immigration and Nationality Act. Judicial construction of a statute authoritatively declares its meaning both before and after that construction was rendered. RIVERS V ROADWAY EXPRESS, INC., 511 US 298 (1994). And a substantive reinterpretation of a criminal statute must be given full retroactive effect on collateral review where it implicates the power of the court to enter a particular conviction or impose a particular punishment. DAVIS V US, 417 US 333, 341-42, 346 (1974); US V JOHNSON, 457 US 537, 550 (1982).

Yes, Rios expects retroactive application of the reinterpretation of the applicable statute(s). INS V ST CYR was not, and is not a "new rule of law" as was APPRENDI. If it was, the Supreme Court would have declared it as such. Therefore, the procedurally barring stipulations of TEAGUE V LANE, 489 US 288 (1989) cannot be made to apply here. Furthermore, the record speaks for itself and for that matter Judge Black states it as well, that upon commencement of the deportation proceedings in 1995, Rios was eligible for relief under section 212(c) of the former Immigration and Nationality Act. Rios was advised by the immigration judge at the "hearing" that he was not eligible for relief under any circumstances. This was obviously incorrect guidance on the part of the immigration judge, to put it nicely. Additionally, Rios requested an appeal of the IJ's decision. For

7

reasons unknown to Rios, he was thereafter expelled from this country by the INS with no chance to proceed with the appeal he had requested. This is clearly procedural error on the part of the INS as Rios "fair oppurtunity to be heard" was denied. This court cannot accurately review the "record" because the "record" was never fully established. There is no record of review for this court to look at. Judge Black comes to his own conclusions that Rios "apparently later abandoned it," referring to the appeal of the deportation order that he (Rios) had preserved. There is no evidence on the record that Rios abandoned his appeal because Rios did not abandon his appeal. This deprivation of rights may not be "smoothed over" with the facile answer that Rios waived his appeal rights. Any binding waiver of protections deriving from the Due Process Clause must be made in considered, knowing and voluntary fashion. Such a waiver has no validity unless shown to be "an intentional relinquishment or abandonment of a **known** right or privilege." BREWER V WILLIAMS, 430 US 387, 404 (1977); JOHNSON V ZERBST, 304 US 458, 464 (1938). In assessing whether such waivers are knowing and voluntary, courts are to "indulge in every reasonable presumption against a waiver." see, e.g., NOSE V ATTORNEY GENERAL OF THE US, 993 F2D 75, 78 (5TH CIR. 1993). In Rios' case, no evidence indicates that Rios was aware that he had a right to apply for relief under section 212(c) of the INA, and no evidence suggests that Rios freely and voluntarily gave up his right to appeal, especially after having preserved it. There is no logic in Judge Black's assumption.

8

Judge Black acknowledges Rios' argument that ST CYR is not TEAGUE-barred because it is a substantive rule that requires retroactive application. However, he disagrees with this position. It appears that he disagrees with this position because he refuses to admit that there were procedural errors at Rios' deportation proceeding which invalidate the deportation. And the inevitable conclusion to this fact is that Rios does stand convicted of "an act that the law does not make criminal."

The Recommendation goes on in comparing the instant case to US V HERNANDEZ-RODRIGUEZ, 170 F.Supp.2d 700 (N.D.Tex. 2001). Rios challenge, is indeed distinguishable from that of Hernandez's. Hernandez did not assert that he was prevented from making an argument at his deportation hearing. Rios does.

"... in MENDOZA-LOPEZ the immigration judge had been fundamentally unfair in accepting unconsidered waivers of appeal and failing to advise the aliens properly of their eligibility to apply for suspension of deportation." HERNANDEZ at 704.

Hernandez did not assert that there was a denial of appeal rights. Rios contends in the instant case there was a denial of this procedural appeal right. Although the HERNANDEZ case appears similar to the instant case, it is inopposite.

Rios did not receive advisement of his eligibility for relief under section 212(c) of the INA. So even if he had "waived" his right to appeal, it would not have been a considered and intelligent waiver as MENDOZA-LOPEZ dictates. Being that Rios did not waive his right to appeal the deportation decision, but rather was summarily expelled from the country, the violation

9

of Due Process rights herein cannot be overlooked. As the Court stated, "[i]f the statute [§1326] envisions that a court may impose penalties for **any** reentry, regardless of how violative of the rights of the alien the deportation proceeding may have been, such a statute does not comport with with the constitutional requirements of due process." US V MENDOZA-LOPEZ, 481 US 828 (1987).

Rios' deportation proceeding violated due process in more ways than one. The deportation proceeding therefore cannot be used as an element in any subsequent criminal proceeding. Since the deportation is invalid, Rios has not, technically, been legally deported. 8 USC §1326 does not apply to aliens who have not been deported. Rios stands convicted of a crime that he is not guilty of committing. Rios is **actually innocent.**

## RIOS' INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM OBJECTION

Rios' implied claims in regards this issue, are not only that his counsel was ineffective for not moving for a downward departure, but that counsel was also ineffective for not preparing and investigating a proper defense to the offense. For example, the argument of the constitutionality of §1326(b)(2) should have been brought up but it wasn't. This has prejudiced Rios in that he is now procedurally barred from raising these claims. Rios' counsel should have also challenged the indictment for not containing the prior convictions that Rios was enhanced for. These issues, while maybe considered foreclosed by existings precedent, are not non-frivolous issues. Furthermore,

Rios appellate counsel was ineffective as well. Appellate counsel backed out of the appeal by filing an ANDERS brief, stating no non-frivolous issues to appeal. Apparently, appellate counsel believes subjecting an alien to conviction and punishment for something that the alien is not guilty of, is in accordance with Due Process and does not violate any constitutional rights. If counsel was not aware that Rios' deportation proceeding was defective, it is because counsel did not investigate the case thoroughly. If this doesn't constitute ineffective counsel than no arbitrary action by a defendant's counsel, no matter how violative of a defendant's right, will ever amount to ineffective assistance of counsel, and, the constitution is just a reminder of something that once was.

At sentencing, Rios' counsel should have been better prepared. Counsel should have been aware of pre-existing case law that allowed for downward departure(s) in this circuit on the basis of cultural assimilation. Counsel should have prepared a motion for such downward departure and it is probable that the outcome would have been different, but for this error.

CLOSING

Wherefore, Rios prays that this honorable court provide relief from the many injustices that he has been subjected to by 1) providing at minimal, an evidentiary hearing to get to the actual underlying facts of this case, and 2) thereafter provide Rios with relief by ordering his release from federal prison as he is actually innocent of the crime of Illegal Reentry, and/or

any other relief this court deems necessary.


Respectfully submitted,

*[signature: Raul Rios-Duran]*    March-10-2002


Raul Rios-Duran

Reg. No. 86833-079

Federal Correctional Institution (Medium)

Post Office Box 26040

Beaumont, Texas 77720-6040

---

12

## CERTIFICATE OF SERVICE

I, Raul Rios-Duran, movant acting pro se in the preceeding attached writings do hereby certify that I have served a copy of same to the respondent, Kathlyn G. Snyder, Assistant US Attorney, at: 910 Travis Street, Suite 1500, P.O. Box 61129, Houston, Texas, 77208-1129, by placing same in a properly addressed, postage prepaid envelope and delivering to prison authorities for delivery via outgoing Legal Mailbox.

Done on this /0 day of March, 2002.

Signed,

*/s/ Raul Rios-Duran*

Raul Rios-Duran

Reg. No. 86833-079

Federal Correctional Institution (Medium)

Post Office Box 26040

Beaumont, Texas 77720-6040