IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 0 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAUL RIOS-DURAN | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | Civil Action No. B-01-120 |
| | § | |
| UNITED STATES OF AMERICA | § | |
|     Respondent | § | |

NOTICE OF APPEAL
AND REQUEST FOR COA

To The Honorable Filemon B. Vela:

Comes now Raul Rios-Duran, (Rios), petitioner proceeding pro se in the above entitled cause of action and would respectfully provide this timely Notice of Appeal and Request for Certificate of Appealability. This he would say in support thereof:

****

Rios has previously submitted his Motion To Vacate, Set Aside, or Correct Sentence, and subsequent to, submitted two additional amended pleadings. The government has responded to the pleadings and Magistrate Judge Black has further provided his "Magistrate Judge's Report and Recommendation."

This court entered an order on March 13, 2002, adopting the Magistrate Judge's Report and Recommendation and denied Rios' Motion To Vacate Sentence. Rios believes that the underlying facts of his case, the true underlying facts, will demonstrate that he has been wrongfully convicted.

Rios appeals this court's order in all particulars. Not only did this court err in providing a sentence enhancement that was not charged in the indictment, Rios' counsel also failed to provide effective assistance where he did not move this court for a downward departure based on the ground of "cultural assimilation" and did not fully investigate the facts surrounding Rios' "deportation" or "removal" hearing. It is possible to recognize that had Rios' counsel provided adequate assistance before, during, and after the "hearings-involved-herein," the outcome may very well have been different. For example, had Rios' counsel fully investigated Rios' allegations to him that he had been wrongfully deported, he may have found out that Rios had not been properly advised of his right to apply for section 212(c) relief at the deportation hearing. This in turn, would have provided a defense avenue for Rios. Rios' counsel failed in this regard and in that he did not move for a proper downward departure. Had this court been able to consider the proper circumstances involved herein, and the proper basis for a departure, i.e., "cultural assimilation," it is foreseeable that Rios may have received a reduced sentence.

Rios requests Certificate of Appealability in regards all issues mentioned in his pleadings; the APPRENDI claim, the misapplication of the guidelines claim, the ST. CYR (wrongful deportation = not usable as element of subsequent criminal proceeding) claim, and the ineffective assistance of counsel claim where counsel did not move for a downward departure based on cultural assimilation.

Wherefore, Rios prays that this court will grant COA on the above listed issues, and provide relief by any other means it deems necessary.

Respectfully submitted,

*[signature]* APRIL-6-2002

Raul Rios-Duran

Reg. No. 86833-079

Federal Correctional Institute (Medium)

Post Office Box 26040

Beaumont, Texas 77720-6040

CERTIFICATE OF SERVICE

I, Raul Rios-Duran, movant acting pro se in the preceeding attached writings do hereby certify that I have served upon the respondent Kathlyn G. Snyder, Assistant US Attorney, at Post Office Box 61129, Houston, TX, 77208-1129, a true and correct copy of same.

Respectfully submitted,

*[signature]* APRIL-6-2002

Raul Rios-Duran

3