IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

APR 1 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RAUL RIOS-DURAN, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-120 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER

Petitioner Raul Rios-Duran ("Rios-Duran") has filed a Notice of Appeal and Request for Certificate of Appealability (Docket No. 18) in response to the district court's dismissal of his petition under 28 U.S.C. § 2255. In order to properly appeal the district court's order, the Antiterrorism and Effective Death Penalty Act of 1996 requires that Rios-Duran obtain a certificate of appealability ("COA"). This Court will treat Rios-Duran's Notice of Appeal and Request for Certificate of Appealability as a petition for a COA.

### STANDARD FOR ISSUING CERTIFICATE OF APPEALABILITY

A court may issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998).

### DISCUSSION

In his petition, Rios-Duran asserts several points of error which he contends evince valid claims of the denial of his constitutional rights. First, Rios-Duran argues that in light of the

Supreme Court's holding in *Apprendi v. United States*, 530 U.S. 466 (2001), his indictment was insufficient because his prior convictions were not charged therein and proved by a jury beyond a reasonable doubt. *Apprendi*, however, did not overrule *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that prior convictions are a mere sentencing factor and need not be charged in the indictment and proved beyond a reasonable doubt. Accordingly, Rios-Duran fails to demonstrate a denial of a constitutional right with respect to this claim.

Rios-Duran also contends that the trial court misapplied the sentencing guidelines in calculating his criminal history score and in considering his prior conviction pursuant to USSG § 2L1.2(b)(1)(A). This claims lack constitutional merit, and thus, there is no showing of a denial of a constitutional right. *See United States v. Williams*, 183 F.3d 458, 462 (5th Cir. 1999).

Rios-Duran further claims that two recent Supreme Court cases, *INS v. St. Cyr*, 533 U.S. 289 (2001) and *Calcano-Martinez v. INS*, 533 U.S. 348 (2001), impact his case. Rios-Duran seeks retroactive application of the Supreme Court's recent holding in *St. Cyr* to set aside his initial deportation of 1998. In *St. Cyr*, the Supreme Court held that a waiver of deportation under section 212(c) was still available for aliens who had pleaded guilty to deportable offenses prior to the repeal of that section in 1996. 121 S.Ct. at 2293. Rios-Duran alleges that his deportation hearing was unfair because he was not properly informed of his right to seek discretionary relief from deportation under section 212(c). The records shows that Rios had a full and fair hearing in which he was represented by counsel, and although he preserved his appeal, he apparently later abandoned it. "[D]ue process requires only that an alien be provided notice of the charges against him, a hearing before an executive or administrative tribunal, and a fair opportunity to be heard." *United States v. Hernandez-Rodriguez*, 170 F.Supp.2d 700, 703 (N.D. Tex. 2001) (quoting *United States v. Benitez-Villafuerte*, 186 F.3d 651, 657 (5th Cir. 1999)). The retroactive application of the 1996 INA

amendments do not rise to the level of a due process violation in a case, like Rios-Duran's, where an alien has been given a full opportunity to be heard by an immigration judge. *See id.* at 704. Rios-Duran has failed to establish that he was denied any of his constitutional rights with respect to this claim.

Finally, Rios-Duran alleges that he received ineffective assistance of counsel because his attorney failed to move for a downward departure of the sentencing guidelines on the ground of cultural assimilation. This claim fails to establish that Rios-Duran was denied any of his constitutional rights for several reasons. First, the record does not support his contention that the district court mistakenly believed that it lacked authority to depart from the guidelines on the grounds of cultural assimilation. *See United States v. Rodriguez-Montelongo*, 263 F.3d 429, 431 (5th Cir. 2001) (holding that a district court's refusal to depart downward is reviewable on appeal if the court mistakenly believed that it lacked authority to depart). Rios-Duran has further failed to identify facts, other than his desire to sell property he owned in Houston, that would support a finding that such a departure was available to him or that would support a finding that there was a reasonable probability that, but for counsel's failure to move for downward departure on this ground, the court would have granted the motion. Finally, without any allegations of cultural or familial ties that would support a finding of cultural assimilation, Rios-Duran's desire to sell his property in Houston standing alone is insufficient to compel a departure from the guidelines. *See United States v. Lipman*, 133 F.3d 726, 730 (9th Cir. 1998) (holding that sentencing court has authority to depart in extraordinary circumstances where the extent of cultural assimilation denotes family and community ties).

None of the issues raised by Rios Duran demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Rios-Duran has failed

to make a substantial showing of the denial of any of his constitutional rights.

IT IS therefore **ORDERED** that Rios-Duran's petition for certificate of appealability (Docket No. 18) be **DENIED**.

DONE in Brownsville, Texas, on this 17th day of April, 2002.

                                              Filemon B. Vela
                                        United States District Judge